1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SCOTT EMERSON,                           No.  2:14-cv-0972 TLN CKD P

12                  Plaintiff,

13        v.                                  ORDER

14   F. FOULK, et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

1    For screening purposes, the complaint states a cognizable claim for relief pursuant to 42

2    U.S.C. § 1983 and 28 U.S.C. § 1915A(b) as to defendant Luigs.  Plaintiff asserts that Luigs used

3    excessive force against him in violation of the Eighth Amendment.  If the allegations of the

4    complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

5    As to defendant Warden Foulk, supervisory personnel are generally not liable under

6    §1983 for the actions of their employees under a theory of respondeat superior and, therefore,

7    when a named defendant holds a supervisorial position, the causal link between him and the

8    claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858,

9    862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

10   941 (1979).  Plaintiff's allegations as to Foulk fail to "plausibly establish the defendant's

11   'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates."  Hydrick

12   v. Hunter, 669 F.3d 937, 941 (9th Cir. 2012).  Thus plaintiff fails to state a claim as to this

13   supervisory defendant.

14   As to the remaining four defendants – Carrera, Gonzalez, Lewis, and Hernandez –

15   plaintiff alleges in conclusory terms that they witnessed Luigs using excessive force and failed to

16   intervene.  Plaintiff's allegations as to these defendants are insufficient to state a claim.  However,

17   plaintiff will have the opportunity to file an amended complaint to attempt to state a claim against

18   these defendants.

19   Plaintiff will be given 30 days from the date of service of this order to amend his

20   complaint to cure the deficiencies outlined above.  Plaintiff is not required to file an amended

21   complaint, but failure to do so will be construed as plaintiff's consent to dismiss the above-

22   mentioned defendants and causes of action with prejudice.

23   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

24   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

25   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

26   each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

27   is some affirmative link or connection between a defendant's actions and the claimed deprivation.

28   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

2

1    Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

2    allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

3    Regents, 673 F.2d 266, 268 (9th Cir. 1982).

4         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

5    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

6    complaint be complete in itself without reference to any prior pleading.  This is because, as a

7    general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

8    F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

9    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

10   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

11        In accordance with the above, IT IS HEREBY ORDERED that:

12        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

13        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

14   shall be collected and paid in accordance with this court's order to the Director of the California

15   Department of Corrections and Rehabilitation filed concurrently herewith.

16        3.  Plaintiff's claims against defendants Foulk, Carrera, Gonzalez, Lewis, and Hernandez

17   are dismissed with leave to amend.  Additionally, all claims except an excessive force claim

18   against defendant Luigs are dismissed with leave to amend.

19        4.  If plaintiff elects to amend, any amended complaint must bear the docket number

20   assigned this case and must be labeled "Amended Complaint."

21        5.  Upon the filing of an amended complaint or expiration of the time allowed therefor, the

22   court will make further orders for service of process upon some or all of the defendants.

23   Dated:  July 15, 2014

24                                             _____
                                             CAROLYN K. DELANEY
25                                             UNITED STATES MAGISTRATE JUDGE

26

27   2 / emer0972.1new

28
                                             3